UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JUSTIN B. RUSSO,<br><br>              Plaintiff,<br><br>  v.<br><br>MORENO, et al.,<br><br>              Defendants. | Case No.: 1:23-cv-00776-CDB (PC)<br><br>**ORDER TO SHOW CAUSE IN WRITING WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE**<br><br><u>14-Day Deadline</u> |

Plaintiff Justin B. Russo is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1.)

I.      BACKGROUND

The Court issued its First Screening Order on December 17, 2025. (Doc. 10.) Specifically, the Court found Plaintiff's complaint stated a cognizable Eighth Amendment failure to protect claim against Defendant Moreno and Doe Defendants 1 and 2 (Count I). (*Id*. at 11.) Because the Court found other asserted claims against these and other Defendants non-cognizable, Plaintiff was granted leave to file an amended complaint to cure the deficiencies identified in the screening order. (*Id*. at 12.) More particularly, Plaintiff was ordered to file (1) a notice that he does not wish to file an amended complaint and is willing to proceed only on the Eighth Amendment failure to protect claim against Defendant Moreno and Doe Defendants 1 and 2 (Count I); (2) an amended complaint; or (3) a notice of voluntary dismissal. (*Id*.)

More than 30 days have now passed, and Plaintiff has failed to respond to the Court's First Screening Order in any way.

## II.    DISCUSSION AND ORDER

The Local Rules,[1] corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Here, Plaintiff has failed to obey the Court's December 17, 2025, screening order requiring him to file (1) a notice that he does not wish to file an amended complaint and is willing to proceed only on the Eighth Amendment failure to protect claim against Defendant Moreno and Doe Defendants 1 and 2 (Count I); (2) an amended complaint; or (3) a notice of voluntary dismissal. Nor has Plaintiff sought an extension of time within which to do so.

Accordingly, the Court **ORDERS** Plaintiff to show cause in writing, **within 14 days** of the date of service of this order, why this action should not be dismissed for his failure to comply with the Court's order of December 17, 2025. Alternatively, within that same time, Plaintiff may file either (1) a notice that he does not wish to file an amended complaint and is willing to proceed only on the Eighth Amendment failure to protect claim against Defendant Moreno and

---

[1] In this Court's August 20. 2021, order, Plaintiff was advised "the parties must comply with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules") …. Failure to so comply with be grounds for imposition of sanctions which may include dismissal of the case." (*See* Doc. 4 at 1 [First Informational Order In Prisoner/Civil Detainee Civil Rights Case].) The same order states "all Court deadlines are strictly enforced. Requests for extensions of time must be filed before the deadline expires and must state good reason for the request." (*Id*. at 5.)

2

Doe Defendants 1 and 2 (Count I); (2) an amended complaint; or (3) a notice of voluntary dismissal.

**Any failure by Plaintiff to timely comply with this Order to Show Cause will result in a recommendation that this action be dismissed without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.**

IT IS SO ORDERED.

Dated:   **January 26, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

3